IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICHARD ERBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:23-cv-02270-SHM-tmp |
| STATE OF TENNESSEE, ET AL., | ) ) |
| Defendants. | ) ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING COMPLAINT WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART, DENYING REQUESTS FOR INJUNCTIVE RELIEF, AND GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On May 2, 2023, Richard Erby[1], booking number 22107449, who is incarcerated at the Shelby County Jail (the "SCJ") in Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On May 4, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915, *et seq*.

The Complaint (ECF No. 1) is before the Court.

**I.    BACKGROUND**

Although Erby's Complaint, like most of his others, contains many conclusory allegations, he essentially seeks monetary damages for violation of the SCJ's Inmate Discipline policy. (*See* ECF No. 1 at PageID 9-11.) Erby alleges that this policy is being disregarded and that because of

---

[1] Erby is a pretrial detainee. *See* Shelby County Criminal Justice System Portal, *State v. Erby*, Case No. C2207044, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed August 18, 2025). Erby has more than forty cases pending in this Court. The Court has warned Erby about his vexatious filing practices and that realleging "claims that he has asserted in a previously-filed case" will result in the new cases being filed for statistical purposes and being summarily dismissed. (*See* Civil No. 22-2878, ECF No. 5 at PageID 49-51.)

the failure to operate under mandated procedures, he has been made to suffer. (*Id.* at PageID 11.) Erby alleges that he has been "made to sit in solitary confinement, which does not provide non[e] of my adequate or necessary needs." (*Id.*) He alleges that the treatment he has received "has and is causing an adverse effect on me." (*Id.*)

As with most complaints that Erby has filed in this Court, he alleges a violation of SCJ policy and makes conclusory allegations that the facility is dangerous, that his equal protection and due process rights are being violated, that the treatment is inhumane and cruel, that the jail is short on staff, that he is being entrapped, that he has suffered police brutality, and that the SCJ does not abide by its mission statement or follow policy. (*See* ECF No. 1 at PageID 12-13; *see e.g.*, *Erby v. State of Tenn.*, 23-2239, ECF No. 1 at PageID 5-10; *see Erby v. State of Tenn.*, 23-2240, ECF No. 1 at PageID 5-10; *see also Erby v. State of Tenn.*, 23-2330, ECF No. 1 at Page ID 10-11.) Erby attaches portions of the United States Constitution and Tennessee Constitution to the Complaint and a statement about how to "make out" and sustain an equal protection claim based on selective enforcement. (*See* Civ. No. 23-2270, ECF No. 1 at PageID 14-17.)

Although Erby's allegations do not address any particular Defendant, Erby sues the following Defendants: (1) the State of Tennessee; (2) Shelby County; (3) the "S.C.S.O. Jail Division"; (4) Shelby County Mayor Lee Harris;[2] (5) Sheriff Floyd Bonner; (6) Kirk Fields; (7) Lieutenant Lee; (8) Lieutenant Peppers; (9) Sergeant Carwell; (10) Sergeant Freeman; (11) Lieutenant C. Morris; (12) Sergeant Brown; (13) Lieutenant T. Mayes; (14) T. Johnson; (15) Lieutenant Ward; (16) Lieutenant Stuart; (17) Chief Anderson; (18) Sergeant Jackson; (19)

---

[2] Lee Harris is the Shelby County Mayor. *See* Shelby County, Tennessee Mayor's Office, Mayor's Office | Shelby County, TN - Official Website (last accessed August 18, 2025).

Sergeant Echols; (20) Lieutenant Parker; (21) Sergeant Achels; (22) Officer Harris; (23) Officer Beal; (24) Officer Frazoe; and (25) Officer Dennie.  (ECF No. 1 at PageID 1-2.)

Erby seeks: (1) "a Civil Investigative Demand in order to secure information to prove a False Claims Act (F.C.A.)" that the SCJ is "promoting and initiating False Reports to the Government"; (2) four hundred thousand dollars ($400,000.00); and (3) "[f]or officers/ and [a]dministration to abide by [in]-[h]ouse [p]olicies and procedures pertaining to Inmate Di[sc]ipline, to be treated [r]ighteously and fairly." (*Id*. at PageID 12, 18.)

**II.     SCREENING**

    **A.     Legal Standard**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides

guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B. **Requirements To State A Claim Under § 1983**

Erby alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. **ANALYSIS**

A. **Improper Defendants**

Erby sues the State of Tennessee and the S.C.S.O. Jail Division. (ECF No. 1 at PageID 1-2.) A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 71 (1989); *see Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (noting that "it would be odd for § 1983 to create a right that sovereign immunity immediately takes away"). Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). To the extent Erby seeks to sue the jail as a division of the Shelby County Government, Erby has named Shelby County as a defendant. Erby's claims against the State of Tennessee and the S.C.S.O. Jail Division are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

### B.  Inmate Discipline Policy

Erby refers to SCJ's Inmate Discipline Policy 310 without providing its contents or alleging facts about how the policy was violated. (*See* ECF No. 1 at PageID 9-11.) "Failure to comply with jail policy is not a *per se* constitutional violation." *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 421 (6th Cir. 2015). Section 1983 does not provide a remedy for violating state laws or regulations. *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994); *see Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding a violation of a prison regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). Erby fails to state a claim to relief under § 1983. His claim of violation of the SCJ's Inmate Discipline Policy is **DISMISSED WITH PREJUDICE**.

### C.  Solitary Confinement

Erby alleges that he has been made to sit in solitary confinement "which does not provide non[e] of my adequate or necessary needs." (ECF No. 1 at PageID 11.) For solitary confinement

to be actionable, the inmate must show that his segregated confinement rose to the level of "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Erby's conclusory allegation about solitary confinement is insufficient to state a claim to relief under § 1983. *See Goods v. Daley*, No. CV 2:24-138-DCR, 2025 WL 1746876, at *3 (E.D. Ky. June 24, 2025) (the unadorned allegation that plaintiff was placed in solitary confinement fails to state a claim upon which relief can be granted). To the extent Erby alleges a solitary confinement claim, the claim is **DISMISSED WITHOUT PREJUDICE**.

> D. <u>Erby's Other Generalized Complaints</u>

As with Erby's other complaints, to the extent Erby refers to the Tennessee Constitution and makes conclusory allegations that he is "being entrapped due to officers['] negligence", that he has "suffered [p]olice [b]rutality", that the SCJ is short of staff, and that he is being treated cruelly and inhumanely (*see* ECF No. 1 at PageID 12), Erby does not allege facts showing a federal constitutional violation and fails to satisfy the pleading requirements to state a claim to relief. *See Adickes*, 398 U.S. at 150 (requiring a violation of a right secured by the "Constitution and laws" of the United States for a § 1983 claim); *see* Rule 8; *see Iqbal*, 556 U.S. at 679; *see Echenique v. JJ's Fam. Mart*, No. 1:25-CV-00025-TRM-CHS, 2025 WL 1584904, at *2 (E.D. Tenn. May 20, 2025), *report and recommendation adopted*, No. 1:25-CV-25, 2025 WL 1584691 (E.D. Tenn. June 4, 2025) ("police brutality" claim that is "conclusory and devoid of specific factual matter in support" failed to state a § 1983 claim); *see Sosa v. Jones*, 389 F.3d 644, 647-49 (6th Cir. 2004) (entrapment is a criminal defense that is not based on due process and is without "constitutional dimension"). To the extent Erby alleges a violation of the Tennessee Constitution and entrapment,

6

the claims are **DISMISSED WITH PREJUDICE**. To the extent Erby alleges police brutality, the claim is **DISMISSED WITHOUT PREJUDICE**.

### E. Injunctive Relief

The Court construes Erby's requests for a civil investigation and "[f]or officers/ and [a]dministration to abide by [in]-[h]ouse [p]olicies and procedures pertaining to Inmate Di[sc]ipline" and "to be treated [r]ighteously and fairly" as requests for injunctive relief. (*See* ECF No. 1 at PageID 12, 18.) (*See* ECF No. 1 at PageID 11, 16.) The operation of correctional facilities "is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell v. Wolfish*, 441 U.S. 520, 548 (1979). The Court does not have authority to conduct internal investigations at the SCJ and will not intervene to grant relief that affects the daily operations and administration of the SCJ. *See Robinson v. Hurt*, No. 2:20-CV-01120-JTF-atc, 2021 WL 141702, at *5 (W.D. Tenn. Jan. 14, 2021). Erby's requests for injunctive relief are **DENIED**.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)

("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants Erby leave to amend under the guidelines set forth below.

V.   **CONCLUSION**

For the reasons set forth above:

A.   The claims against the State of Tennessee and the S.C.S.O. Jail Division are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

B.   To the extent Erby alleges entrapment and violations of the Tennessee Constitution and of the SCJ's Inmate Discipline Policy, those claims are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

C.   To the extent Erby alleges police brutality and a claim about solitary confinement, those claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

D.   Erby's requests for an investigation and injunctive relief are **DENIED**.

E.   The Complaint is **DISMISSED** in its entirety because the claims fail to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

F.   Leave to amend the claims dismissed without prejudice is **GRANTED**. Amended claims must be filed within twenty-one (21) days after the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes

the original complaint and must be complete in itself without reference to the prior pleadings. Plaintiff must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Plaintiff fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

G. If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this <u>18th</u> day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE